UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WENDY A. MAKI, <br><br>             Plaintiff, <br><br>     v. <br><br> BREMERTON SCHOOL DISTRICT, LINDA SULLIVAN-DUDZIC, and her marital community, SUSAN K. STONE, and her marital community, <br><br>             Defendants. | CASE NO. 19-cv-5901-RJB <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS |

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Bremerton School District's ("BSD") Answers to Interrogatories and Requests for Production and for Sanctions ("Motion to Compel Discovery"). Dkt. 22. The Court has considered the pleadings filed regarding the motion and the remaining file herein. For the reasons set forth below, Plaintiff's Motion to Compel Discovery should be granted.

## I.     FACTUAL BACKGROUND

Plaintiff filed this lawsuit on September 25, 2019, alleging that BSD negligently

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS - 1

falsely imprisoned her with a known violent student (referred to throughout the record as "GC") who committed violent attacks on Plaintiff resulting in injuries and damages. Dkts. 6; and 22, at 1. Plaintiff's amended complaint includes multiple 42 U.S.C. § 1983 claims, state law tort claims, and a retaliation claim under the Washington Law Against Discrimination. Dkts. 6; and 22, at 1.

Plaintiff propounded written discovery requests (interrogatories and requests for production) to BSD on January 2, 2020, with an initial response deadline of February 1, 2020. Dkts. 22-1, at 1. Plaintiff alleges that Defendants provided partial responses to some of the requests for production, once on February 10, 2020, and again on April 20, 2020. Dkt. 22-1, at 1.

Plaintiff alleges that she requested a response from BSD to her discovery requests numerous times and agreed to three response deadline extensions. Dkt. 22, at 2–4. Plaintiff further alleges that the parties met and conferred in at least two discovery "CR 26" conferences, one on March 17, 2020, and a second on, March 23, 2020. Dkts. 22, at 3; and 22-1, at 2. Plaintiff provides that she agreed to a third and final extension requiring complete responses by April 17, 2020. Dkt. 22, at 3; and 22-1, at 2. Plaintiff alleges that BSD asked for a fourth extension on April 13, 2020, requesting a deadline of May 1, 2020, to which Plaintiff did not agree. Dkts. 22, at 3; and 22-1, at 2–3. Plaintiff alleges that she received a partial, inadequate, and unorganized response of various email records from BSD. Dkts. 22, at 3; and 26, at 3.

On April 27, 2020, Plaintiff filed the instant Motion to Compel Discovery. Dkt. 22. Plaintiff contends that BSD has not answered any interrogatories, has only provided a partial response to 8 of the 22 requests for production ("RFPs"), and has not objected to any Interrogatories or RFPs. Dkt. 22, at 4. Plaintiff's motion provides a list of the allegedly unanswered interrogatories and RFPs. Dkt. 22, at 4–9. Plaintiff requests that the Court order

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS - 2

BSD to provide complete discovery responses within 14 days of this order being entered, sanctions against BSD for Plaintiff's reasonable attorneys' fees and costs, and a finding that BSD has waived objections as untimely. Dkt. 22.

BSD filed a response in opposition to Plaintiff's Motion to Compel Discovery. Dkt. 24. BSD indicates, at least as of the time of filing its response brief, that it still has not completed its responses to the discovery requests at issue; BSD provides that it "will fulfill the remainder of the discovery responses by May 29." Dkt. 24, at 6. BSD contends that Plaintiff's instant motion should be dismissed or, in the alternative, granted, in part, and the Court should order BSD "to fully respond to discovery by May 29. Regardless of what relief is granted …, this Court should deny Plaintiff's request for attorney fees and costs." Dkt. 24, at 6.

BSD offers three primary arguments in opposition to Plaintiff's motion: First, BSD alleges that Plaintiff had previously untimely responded to BSD's own discovery requests. Dkt. 24, at 2-3. Second, BSD alleges that Plaintiff's counsel had indicated that he "'d[idn't] care' when BSD responded fully to discovery." Dkts. 24, at 5; and 25, at 3. Finally, BSD alleges that "Plaintiff has not demonstrated any meaningful prejudice." Dkt. 24, at 5.

Plaintiff filed a reply in support of her Motion to Compel Discovery. Dkt. 26. Plaintiff contends that "Defendant has not provided a single legitimate reason that the Court should not sanction Defendant's inexcusable behavior." Dkt. 26, at 2.

## II.   DISCUSSION

1. **DISCOVERY STANDARDS**

Under the Federal Rules of Civil Procedure, parties may generally obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case. Fed. R. Civ. P. 26. Information need not be admissible at trial to be discoverable. Fed. R. Civ. P. 26(b)(1).

Fed. R. Civ. P. 37 provides, in part, that:

> *(1) In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
>
> ….
>
> *(3) Specific Motions*
>
> (A) *To Compel Disclosure.* If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.
>
> (B) *To Compel a Discovery Response.* A Party seeking discovery may move for an order compelling an answer, designation, production, or inspection.

Fed. R. Civ. P. 37(a)(1), (3)(A)–(B).

"Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by [Fed. R Civ. P 33] constitutes a waiver of any objection. This is true even of an objection that the information sought is privileged." *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) (citation omitted); *see also Ramirez v. Cty. of Los Angeles,* 231 F.R.D. 407, 409 (C.D. Cal. 2005) ("[I]f a party fails to file *timely* objections to discovery requests, such a failure constitutes a waiver of any objections which a party might have to the requests.") (quotation and citations omitted).

Courts are given broad discretion to control discovery under Fed. R. Civ. P. 37, including "particularly wide latitude … to issue sanctions under FRCP 37(c)(1)[.]" *Ollier v. Sweetwater*

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS - 4

1  *Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001)).

### 2. MEET AND CONFER REQUIREMENTS

Plaintiff provides that the Parties met and conferred on March 17, 2020, and on March 23, 2020. Dkts. 22, at 3; and 22-1. It appears that BSD's most recent request for a deadline extension occurred on April 13, 2020, when BSD asked for more time and assured "that complete responses would be provided by May 1, 2020. Plaintiff *did not agree* to an additional extension and told [BSD's counsel that] she would file the present motion." Dkt. 22-1, at 3 (emphasis in original).

It is disappointing that the parties did not make further efforts to come to an agreement following the extension request on April 13, 2020. Nevertheless, based on Plaintiff's counsel's declaration detailing the meet and confer conferences on March 17, 2020, and March 23, 2020, Plaintiff satisfies the meet and confer requirements of Fed. R. Civ. P. 37(a)(1).

### 3. MOTION TO COMPEL DISCOVERY ANALYSIS

Plaintiff has shown that BSD's discovery response is overdue. The deadline to respond was initially February 1, 2020. Dkt. 22-1, at 2. Plaintiff agreed to three deadline extensions, up to April 17, 2020, allowing BSD an additional 76 days to respond. *See* Dkt. 22, at 3. Even with three agreed-upon deadline extensions, BSD's response was 10 days overdue at the time Plaintiff filed this motion. *See* Dkt. 22 (filed on April 27, 2020). As of May 6, 2020, when BSD filed its response brief in opposition to the instant motion, BSD apparently still had not completed its response to Plaintiff's instant discovery requests. Dkt. 24, at 6. It appears, however, that BSD has at least partially produced various email records. Dkts. 22, at 8-9; 26, at 3; 27, at 2.

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS - 5

The Court is troubled by the apparently missing materials in BSD's partial production of email documents. Plaintiff's RFP No. 19 provides as follows: "Produce all of the communications from Plaintiff regarding GC, including her notes from her observations of GC in his prior school about April or May, 2017." Dkt. 22, at 8. Plaintiff indicates that BSD's allegedly partial production of thousands of unorganized emails is non-responsive and does not even include emails from April 2017. Dkt. 26, at 3. Plaintiff provides that "Defendant's dump of over 10,000 pages of emails on the eve of this motion is either not responsive at all or a blatant attempt to bury relevant evidence." Dkt. 26, at 3. To the extent these thousands of emails have no connection to GC and have not been organized or kept as they are in the usual course of business, BSD's response is inadequate. BSD's production should be tailored to Plaintiff's requests, and a "[p]arty must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i).

BSD's proffered justifications for not fully responding to Plaintiff's discovery requests are without merit. BSD's response argues that Plaintiff's Motion to Compel Discovery should be denied for three primary reasons. Dkt 24. (1) BSD alleges that Plaintiff had previously untimely responded to BSD's own discovery requests. Dkt. 24, at 2-3. (2) BSD alleges that Plaintiff's counsel indicated that he "'d[idn't] care' when BSD responded fully to discovery." Dkts. 24, at 5; and 25, at 3. (3) BSD alleges that "Plaintiff has not demonstrated any meaningful prejudice." Dkt. 24, at 5.

First, BSD's allegation that Plaintiff had previously untimely responded to discovery requests is irrelevant to Plaintiff's instant motion. If BSD wishes, it may file its own motion with respect to Plaintiff's allegedly untimely discovery response.

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS - 6

Second, the parties dispute whether Plaintiff's counsel stated that he "d[idn't] care" when BSD responded fully to discovery. *Compare* Dkt. 24, at 5, *with* Dkt. 26, at 2. Moreover, BSD's assertion is hard to believe. Perhaps Plaintiff's reply brief says it best: "[W]hy have [a Fed. R. Civ. P. 26 discovery] conference if one does not care about discovery responses?" Dkt. 26, at 2. Based on the discovery conferences and the instant motion and reply brief, it does not at all appear that Plaintiff or Plaintiff's counsel do not care when BSD responds to Plaintiff's discovery requests.

Finally, BSD's bald assertion that Plaintiff is not prejudiced is unavailing. Plaintiff provides that she faces prejudice from Defendant having caused months of delay during the discovery period (which is scheduled to end September 28, 2020. Dkt. 20) when depositions could have otherwise been conducted. Dkt. 26, at 4. Plaintiff provides that she is also "concerned that the real reason Defendant has not produced the records sought is that it has destroyed them. For example, several Interrogatories (Nos. 2, 5, 6) seek answers about how or if the surveillance video of critical events was or was not retained." Dkt. 26, at 4.

BSD argues that "Plaintiff's counsel has not even broached the subject of extending the discovery cutoff, which would alleviate any purported prejudice." Dkt. 24, at 5. BSD's argument is wholly without merit. Plaintiff should not have to request a deadline extension because of BSD's dilatory conduct.[1]

There does not appear to have been an extension beyond the thrice-extended April 17, 2020 response deadline, nor has BSD shown good cause for its delay. Therefore, BSD's objections to Plaintiff's discovery requests, if any, should be waived. *See Davis,* 650 F.2d at

---

[1] In light of the ongoing COVID-19 emergency situation, the Court anticipates that there is an increased likelihood that one or more of the parties will request an extension of the trial and pretrial deadlines—but that does not grant BSD leave to ignore existing deadlines and to delay Plaintiff's ability to conduct discovery and prosecute her case.

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS - 7

1160. BSD should fully respond to Plaintiff's interrogatories and RFPs no later than May 28, 2020.

Therefore, Plaintiff's Motion to Compel Discovery should be granted.

### 4. SANCTIONS

Fed. R. Civ. P. 37 provides, in part, that:

> **(5) Payment of Expenses; Protective Orders.**
>
> (A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>   (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
>   (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
>   (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

This order grants Plaintiff's Motion to Compel Discovery, and it appears that sanctions are warranted under Fed. R. Civ. P. 37(a)(5)(A). First, Plaintiff has shown that she made a good faith effort to obtain a complete response from BSD before filing the instant motion, including two meet and confer discovery conferences and three agreed-upon deadline extensions. Second, as discussed above, BSD has not shown that its failure to respond was substantially justified. Finally, despite BSD's contention otherwise, no other circumstances make an award of expenses unjust. Had BSD fully responded and set forth objections to Plaintiff's discovery requests before

filing its response brief on May 6, 2020, circumstances may have been different. Plaintiff propounded the instant discovery requests on BSD on January 2, 2020—125 days before May 6, 2020. The Court should not countenance BSD's dilatory conduct and apparent disregard for a long-extended response deadline.

However, despite requesting sanctions, Plaintiff provides nothing showing her reasonable attorneys' fees or costs in bringing this motion. *See* Dkt. Because it appears that sanctions are warranted, Plaintiff is granted leave to file an affidavit and/or other materials detailing her reasonable attorneys' fees and costs in bringing this motion, due no later than May 22, 2020. BSD should be given an opportunity to file a written response as to whether Plaintiffs' reasonable attorneys' fees and costs should be awarded, due no later than May 29, 2020. Plaintiff should be given an opportunity file a written reply, due no later than June 5, 2020.

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion to Compel Discovery (Dkt. 22) is **GRANTED**.
    - Defendant Bremerton School District shall fully respond to Plaintiff's outstanding discovery requests no later than **May 28, 2020**;
    - Defendant Bremerton School District has waived objections, if any, to Plaintiff's outstanding discovery requests; and
    - Because it appears that sanctions are warranted, Plaintiff is granted leave to file an affidavit and/or other materials detailing her reasonable attorneys' fees and costs in bringing this motion, due no later than **May 22, 2020.** Defendant Bremerton School District is granted leave to file a written response as to whether Plaintiffs' reasonable attorneys' fees and

costs should be awarded, due no later than **May 29, 2020**. Plaintiff is granted leave to file a written reply, due no later than **June 5, 2020.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 14th day of May, 2020.

*[signature]*

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS - 10