UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WENDY A. MAKI,<br><br>      Plaintiff,<br><br>  v.<br><br>BREMERTON SCHOOL DISTRICT, LINDA SULLIVAN-DUDZIC, and her marital community, SUSAN K. STONE, and her marital community,<br><br>      Defendants. | CASE NO. 19-cv-5901-RJB<br><br>ORDER AWARDING SANCTIONS |

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Bremerton School District's ("BSD") Answers to Interrogatories and Requests for Production and for Sanctions ("Motion to Compel Discovery"). Dkt. 22. The Court has considered the pleadings filed regarding the motion and the remaining file herein. For the reasons set forth below, BSD should be sanctioned for $5,015.00.

ORDER AWARDING SANCTIONS - 1

## I.     FACTUAL BACKGROUND

On May 14, 2020, the Court granted Plaintiff's Motion to Compel Discovery and Request for Sanctions. Dkt. 29. The Order Granting Plaintiff's Motion to Compel Discovery and Request for Sanctions provides as follows:

> [D]espite requesting sanctions, Plaintiff provides nothing showing her reasonable attorneys' fees or costs in bringing [the motion to compel discovery]. Because it appears that sanctions are warranted, Plaintiff is granted leave to file an affidavit and/or other materials detailing her reasonable attorneys' fees and costs in bringing this motion, due no later than May 22, 2020. BSD should be given an opportunity to file a written response as to whether Plaintiffs' reasonable attorneys' fees and costs should be awarded, due no later than May 29, 2020. Plaintiff should be given an opportunity file a written reply, due no later than June 5, 2020.

Dkt. 29, at 9 (citation omitted).

On May 22, 2020, Plaintiff's counsel, Daniel Gallagher, filed a response in the form of a declaration. Dkt. 30. The declaration describes Mr. Gallagher's experience and qualifications and provides that he spent (measured in 0.1-hour increments) "20 hours of attorney time on this motion with a total lodestar of $10,000.00. The lodestar is calculated based upon the hourly rate of $500." Dkt. 30, at 2. The declaration provides no detailed report or itemized log of the 20 hours of attorney time. *See* Dkt. 30.

On May 22, 2020, Plaintiff's additional counsel, Deborah Boe, filed a response in the form of a declaration. Dkt. 31. Ms. Boe's declaration describes her experience and qualifications and provides that she "expended 17.7 hours on the Motion to Compel and Reply" at an hourly rate of $425 for a total of $7,522.50. Dkt. 31, at 3. Ms. Boe's declaration contains no detailed report or itemized log of her 17.7 hours of attorney time, but it does provide the following generalized descriptions:

ORDER AWARDING SANCTIONS - 2

> 11. More than a third of the 17.7 hours was spent reviewing the two document dumps of emails on April 20th and May 7th, from Mr. Safarli, about 25,000 pages in thousands of separate pdf files, of mostly junk email in order to determine if any of it was responsive as it impacted our Motion and Reply. Many more hours have been expended reviewing the emails after the Reply was filed, not included in the 17.7 hours.
>
> 12. I expended at least 10 hours in CR26 conferences, follow up emails and review of outstanding discovery before this motion was brought; those hours are not included in the 17.7 hours. In addition, no hours are included in the 17.7 hours for the present fee declaration.
>
> 13. Mr. Gallagher and I coordinated our tasks on the Motion and Reply in order to not be duplicative but enough to ensure a cohesive and quality result.

Dkt. 31, at 3.

On May 29, 2020, BSD filed a response. Dkt. 32. BSD requests that the Court not award any attorney fees because Defendants have now responded to the outstanding discovery requests. Dkt. 32, at 1. BSD adds that "a combination of factors" caused the delay:

> counsel start[ed] a trial in another case on March 9, 2020 in Clark County Superior Court that went to verdict; a volume of cases … became more challenging to managefter [*sic*] the COVID-19 pandemic; and requesting discovery continuances from Plaintiff's counsel based overly-optimistic estimates. Undersigned counsel states that these circumstances will not be repeated or will be better managed for the rest of this case. Thus, Defendants ask this Court to not award attorney fees or, at a minimum, reserve decision on whether attorney fees may be awarded depending on how the rest of discovery is conducted.

Dkt. 32, at 2.

BSD further objects to the amount of fees requested. Dkt. 32, at 2. BSD notes that Ms. Boe spent "more than a third of the time reviewing emails that were produced in discovery," which should not have been counted toward an award of attorney's fees as the documents would have to be reviewed regardless of the motion to compel. Dkt. 32, at 2. Additionally, BSD

ORDER AWARDING SANCTIONS - 3

contends that Mr. Gallagher's failure to provide a breakdown of hours worked made it impossible to "test Ms. Boe's statement that she 'coordinated … tasks' with Gallagher to avoid duplication." Dkt. 32, at 4 (quoting Dkt. 31, at 3).

BSD requests that

> [i]f the Court awards some amount of fees, it should be only $5,015 for both Plaintiffs' counsel. This amount represents 11.8 hours (two-thirds of Ms. Boe's total hours, with the one-third reduction for review of emails that would have occurred anyway) at $425. No amount of fees should be awarded for Mr. Gallagher, who did not provide meaningful information or documentation in response to this Court's invitation to apply for an attorney fee award.

Dkt. 32, at 4.

On June 5, 2020, Mr. Gallagher and Ms. Boe filed replies in the form of second declarations, which provide basic, itemized logs of the attorney work hours. Dkts. 33; and 34. The second declarations add the hours spent preparing for their replies, increasing Mr. Gallagher's request to $11,000 (22 hours) and Ms. Boe's to $8,585.00 (20.2 hours), totaling $19,585. Dkts. 33; and 34. The second declarations argue that BSD's response to the outstanding discovery remains inadequate and that BSD's alleged violations will be detailed in a forthcoming second motion for sanctions. Dkts. 33, at 2; and 34, at 5.

## II.   DISCUSSION

Fed. R. Civ. P. 37(a) provides, in part, the following guidance concerning motions to compel discovery:

> (5) *Payment of Expenses; Protective Orders.*
>
> (A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion,

ORDER AWARDING SANCTIONS - 4

>including attorney's fees. But the court must not order this payment if:
>
>>(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>
>>(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>>
>>(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5).

Courts are given broad discretion to control discovery under Fed. R. Civ. P. 37, including "particularly wide latitude … to issue sanctions under FRCP 37(c)(1)[.]" *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001)).

Here, the award requested by Plaintiff should be reduced. Even with the itemized attorney hours eventually provided in Plaintiff's counsels' second declarations, it is unclear to the Court how Mr. Gallagher and Ms. Boe coordinated their efforts, why multiple attorneys were needed, how much time reviewing emails was spent on emails responsive to the requests, or why as many as 5.9 hours of legal research were spent on a seemingly routine motion to compel discovery.

An award of $5,015.00 is reasonable. Mr. Gallagher's first declaration contained no itemization of the hours he worked; Ms. Boe's first declaration contained at least a generalized description of her work. *See* Dkts. 30; and 31. The award to Plaintiff should be limited to those attorney work hours for which BSD had an opportunity to meaningfully respond and that were necessitated by the motion to compel. An award of $5,015.00 represents 11.8 work hours of Ms. Boe, approximately two-thirds of Ms. Boe's total work hours reported in the first declaration, with an approximate one-third reduction for review of emails that may have occurred regardless of the discovery materials being untimely produced.

ORDER AWARDING SANCTIONS - 5

Therefore, the Court should order sanctions against BSD in the amount of $5,015.00.

### III. <u>ORDER</u>

Therefore, it is hereby **ORDERED** that:

- Defendant Bremerton School District is sanctioned for **$5,015.00.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 11th day of June, 2020.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge

ORDER AWARDING SANCTIONS - 6