UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WENDY A. MAKI,<br><br>                Plaintiff,<br>   v.<br><br>BREMERTON SCHOOL DISTRICT, LINDA SULLIVAN-DUDZIC, and her marital community, SUSAN K. STONE, and her marital community,<br><br>                Defendants. | CASE NO. 3:19-cv-05901-RJB<br><br>ORDER ON DEFENDANTS' MOTION TO EXCLUDE REPORT AND TESTIMONY OF JUDITH BILLINGS UNDER *DAUBERT* AND RULE 702 |

      THIS MATTER comes before the Court on Defendants' Motion to Exclude Report and Testimony of Judith Billings under *Daubert* and Rule 702. Dkt. 57. The Court has considered the pleadings filed regarding the motion and the remaining file.

      Plaintiff, Wendy Maki, is a former special education teacher in the Bremerton School District. Dkt. 6. Plaintiff brings multiple claims against three defendants, the Bremerton School District, Susan Stone, her former school principal, and Linda Sullivan-Dudzic, the school district Director of Elementary Education and Special Programs. *Id.* The claims primarily relate to

allegations that Plaintiff was locked in a classroom with a student who was known to be violent. *Id.*

Plaintiff retained Judith Billings to review Defendants' policies and practices related to the incident at issue. Dkt. 60.  Defendants move to exclude Billings' report and testimony for three reasons:

> (1) although admittedly not a medical expert nor has she reviewed plaintiff's mental healthcare records, yet repeatedly opines that the School District caused harm to plaintiff's 'physical and emotional health and safety'; (2) legally concludes that the School District's alleged acts or omissions rise to the standard of 'deliberate indifference,' and that the District violated plaintiff's 'liberty rights' under the Eight [sic] Amendment; (3) written report contains a full recitation of what *she believes the facts to be,* then testifies about the credibility and weight of the witnesses' version of facts, directly invading the jury's province."

Dkt. 57 at 1–2.

Under Federal Rule of Evidence 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) The testimony is based on sufficient facts or data;
> (c) The testimony is based on sufficient facts or data;
> (d) The expert has reliably applied the principles and methods to the facts of the case.

Courts have "a gatekeeping role" in deciding the admissibility of evidence under Rule 702. *Daubert v. Merrell Dow Pharm.,* 509 U.S. 579, 597 (1993).  Evidence must be both "relevant" and "reliable." *Id.*

Judith Billings should not be excluded as a witness.  She has specialized knowledge about the school system and its policies, and that knowledge may help the trier of fact understand facts in issue.  She is certainly a qualified expert.  Nevertheless, she should not be allowed to testify about all the matters in her report and deposition.  A few examples follow:

1.      An expert can testify to the evidence she <u>assumed</u> to be true in reaching opinions, provided her assumptions are supported by the record.  She cannot testify as to her opinion about the credibility of witnesses and cannot be turned into a fact witness.  Any testimony about facts assumed should clearly indicate to the jury that they are assumptions.

2.      Ms. Billings is not offered as a fact witness or a medical witness, and she cannot opine on Plaintiff's medical, emotional or mental status, or the causal relationship of that status to acts of Defendants.

3.      Although Ms. Billings is a trained, and qualified, lawyer, she is not allowed to render legal opinions in court.  For example, she cannot testify that someone was "deliberately indifferent" or "negligent."  Those are terms of legal art, and legal meaning, and to have a qualified lawyer testify in such terms is unfair.  *See* ER 703.  She may, however, testify as to what assumed facts or other evidence, might lead the jury to those conclusions in regard to negligence.  In further example, she may testify about duty, breach and, perhaps, causation without using the term "negligence," or opining that there was "negligence" on the part of a party.  Evidence Rule 704(a) does not apply here due to, in part, Ms. Billings' status as a lawyer.

Such issues are matters of admissibility and can be addressed at trial – or can be removed as issues by careful questioning by counsel, and by full understanding of evidentiary limitations on the part of the witness.

The listing of the foregoing examples is not intended to be a full list of possible issues.

Exclusion of the witness is not required.

Defendants' Motion to Exclude Report and Testimony of Judith Billings under *Daubert* and Rule 702 (Dkt. 57) is **DENIED.**

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 30th day of November, 2020.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge