HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WENDY A. MAKI, <br><br> Plaintiff, <br><br> vs. <br><br> BREMERTON SCHOOL DISTRICT, LINDA SULLIVAN-DUDZIC, and her marital community, SUSAN K. STONE, and her marital community. <br><br> DEFENDANTS. | No. 3:19-cv-05901 RJB <br><br> **PLAINTIFF'S MOTIONS IN LIMINE** <br><br> NOTED ON JANUARY 8, 2021 |

The parties' attorneys met and conferred on Motions in Limine by telephone on December 17th and December 21st. Although Plaintiff expects to object to speculative testimony of Defendants' witnesses, those objections are more appropriate to address during trial. However, the Motion in Limine brought below are evidence Plaintiff seeks to preclude before trial as they would be prejudicial if Defendants bring up in opening statement or through a witness so that the jury hears potentially prejudicial evidence before the Court rules. Defendants did agree on one, and this is noted as such.

PLAINTIFF'S MOTION IN LIMINE- 1
No. 3:19-cv-05901 RJB

A BOE LAW FIRM
5600 Kitsap Way
Bremerton, WA 98312
360.692.1133

Defendants disclosed their Pretrial Statement to Plaintiff at 4:00pm on December 28, 2020, the same day this Motion in Limine is due. Boe Dec. Defendants did not include a list of exhibits so Plaintiff should be allowed to file Motions in Limine past the court deadline due to Defendants' tardiness.

1. **Preclude the Parties from showing or referencing the partially retained surveillance video, but allow Plaintiff to argue spoliation to the jury.**

Plaintiff seeks a Motion in Limine to allow Plaintiff to argue destruction of evidence to the jury but to exclude any reference to events in the video or showing of the video to the jury. The chart below summarizes the events which are not disputed and which parts of the day the retained video shows, and more critically, what is missing from the surveillance video. The time stamp on the video cannot be accurate so is only used as point of reference in video, not for actual time.

**September 26, 2017**

| Time Stamp | Non-disputed events | Surveillance Video |
|---|---|---|
| 8:15 | Video begins | Video begins |
| 8:55 | Wendy Maki and GC enter Room 112 | Wendy Maki and GC enter Room 112 |
| 9:25-10:20 (video ends) | Wendy Maki goes in and out of Room 112 | Wendy Maki goes in and out of Room 112 |
| Approx 10:00-10:30 | GC runs out of Room 112, Wendy Maki follows. About 15 minutes later, GC is carried back into Room 112 by Stone and 2 paras. | Missing footage |
| 10:21-10:36 | Wendy Maki in and out of Room 112 | Wendy Maki in and out of Room 112 |
| 10:37 | Stone applies firehose to Room 112 door | Stone applies firehose to Room 112 door |
| 10:39-11:00 | Wendy Maki in and out of camera range outside Room 112 | Wendy Maki in and out of camera range outside Room 112 |
| ~11:20 | GC's hand seen in door jamb | GC's hand seen in door jamb |
|  | *Wendy has entered classroom by now through kitchen door* |  |
| 11:22 | Stone takes firehose off to talk to someone inside | Stone takes firehose off to talk to someone inside |
| 11:26 | Nurse enters Room 112 | Nurse enters Room 112 |
| 11:30 | Stone reapplies firehose, GC and | Stone reapplies firehose |

PLAINTIFF'S MOTION IN LIMINE- 2
No. 3:19-cv-05901 RJB

A BOE LAW FIRM
5600 Kitsap Way
Bremerton, WA 98312
360.692-1133

| | | | |
|---|---|---|---|
| 1 | | Wendy Maki inside classroom Nurse outside classroom now | Nurse outside classroom |
| 2 | 11:41 | Stone walks away from door | Stone walks away from door |
| 3 | 11:56 | Video ends | Video ends |
| 4 | ? | GC's whole body stuck in door jamb | |
| 5 | | Para arrives outside Room 112, squishes GC into door to remove firehose, then reapplies firehose. | |
| 6 | | Stone arrives outside Room 112, removes firehose briefly, then reapplies it. | |
| 7 | | | |
| 8 | 3:00pm | Wendy Maki appears outside Room 112, and takes a photo of the firehose. | |
| 9 | | Stone and Sullivan-Dudzic meet to discuss firehose use outside Room 112, demonstrating how GC got hurt | |
| 10 | | | |
| 11 | | Janitor goes in Room 112 to re-arrange furniture to barricade GC and Wendy Maki in the next day. | |
| 12 | | | |
| 13 | **September 27, 2017** | | |
| 14 | | Wendy Maki and GC in Room 112 (short school day) GC escaping and assaulting. | |
| 15 | | Wendy Maki and Stone meet outside Room 112 later in the day. | |
| 16 | **September 28, 2017** | | |
| 17 | | Sullivan-Dudzic visits classroom, sees firehose in use while Wendy Maki and GC are in the classroom. | |
| 18 | | | |
| 19 | | Sullivan-Dudzic notes violent screaming by GC, furniture turned over | |
| 20 | ~2:00 | GC escapes and when brought back, he hits Wendy Maki on the jaw. Wendy leaves shaking and tearful holding her jaw. | |
| 21 | | | |

Defendants' video footage is not reliable evidence under ER 901. As seen in the above timeline, even the retained video of the morning of September 26, 2017, is missing at least 15-30 minutes of when GC escaped mid-morning and was carried back into the classroom, yet there is no footage of this in the video purported to cover the same timeframe. Therefore, the video

PLAINTIFF'S MOTION IN LIMINE- 3
No. 3:19-cv-05901 RJB

footage should also be excluded as it is not reliable evidence under ER 901 – it is not what Defendants purport it to be: two consecutive hours of the morning.

Furthermore, Defendants failed to retain video surveillance of the afternoon of September 26th when GC had his body stuck in the door and the firehose was removed and reapplied twice. Nor is there video of when Wendy Maki left the classroom at 3:00, although the time stamp on her phone shows the time of the picture she took of the firehose. And finally, Defendants failed to retain video footage of the following two days where the firehose and furniture were used to barricade the door. In sum, Defendants edited the video to delete any footage that would be highly incriminating to Defendants while retaining footage favorable to them.

Because the edited footage is incomplete it would be highly prejudicial, misleading and confusing to a jury. If Defendants are allowed to show their edited video or reference "video footage," it necessarily implies to the jury that only their edited video reflects what actually happened during those three crucial days.  This would hamper Plaintiff's case unfairly, as without the entire video she is left tilting at windmills with a 'he said' – 'she said' argument regarding what took place during the missing time.  Plaintiff agrees that the parties should be allowed to question witnesses about the time period partially covered by the edited video, but must not reference the video itself except to say that Defendants deleted unfavorable segments. For example, Defendants may ask Plaintiff "Did you hold the door shut that day?"; but Defendants may not ask "Explain why in the video you were holding the door shut."

Defendants should not be allowed to benefit from their willful editing and blatant failure to retain whole surveillance video by cherry picking footage that puts them in the best light.  The Court has already denied an adverse inference instruction, which Plaintiff may reassert during trial

PLAINTIFF'S MOTION IN LIMINE- 4
No. 3:19-cv-05901 RJB

A BOE LAW FIRM
5600 Kitsap Way
Bremerton, WA 98312
360.692-1133

if evidence warrants it.  Plaintiff requests that the video be excluded (not shown or its events referenced) and that Plaintiff be allowed to inform the jury that Defendants failed to preserve it.

2. **Preclude Defendants' IME Doctors from testifying as a fact or expert witness.**

Defendants did not disclose any expert medical witnesses. The Court's deadline for expert witness disclosure was July 29, 2020. However, at the end of discovery on September 22, 2020, Defendants supplemented pursuant to Fed. Rule Civ. Pro. 26(a)(1), by naming three medical doctors, two of which conducted an IME on Plaintiff in her workers compensation claim, the third proposed witness saw Plaintiff once as a treating doctor. Defendants stated that the treating doctor would testify essentially to Plaintiff's credibility. Boe Dec. Ex. 1. When Plaintiff's counsel specifically questioned whether these were expert or fact witnesses, Defendants' counsel evaded the question and challenged Plaintiff's disclosure of her treating physician. Boe Dec. Ex. 2. Moreover, Defendants failed to produce any of the required reports for an expert witness disclosure pursuant to Fed. Rule Civ. Pro. 26(a)(2)(B).  One of the doctors disclosed, Dr. Ward, did two IME's on Plaintiff so it is unknown which IME he will be testifying about.

Plaintiff did not depose the three medical doctors. If they are fact witnesses, then they have nothing to offer the jury. If their only opinion is to comment on Plaintiff's credibility, then that would also be excluded under ER 403.  Plaintiff did not want to spend thousands of dollars deposing medical witnesses who may never testify. Moreover, if Plaintiff had reports and CV's as mandated by the court rules, she could have better prepared for a deposition. One of the doctors did two IME's on Plaintiff, so it is not known which one Defendants are relying on (Plaintiff may not have the IME's either). Plaintiff had numerous IME's during the course of her claim by several doctors, which is still ongoing. Finally, Defendants are only allowed one medical expert by local rules, not three, and Defendants have never stated which one they are calling.

PLAINTIFF'S MOTION IN LIMINE- 5
No. 3:19-cv-05901 RJB

A BOE LAW FIRM
5600 Kitsap Way
Bremerton, WA 98312
360.692-1133

Defendants' excuse is that Plaintiff misclassified her medical expert also, so they should get a pass. However, Plaintiff disclosed three of her treating physicians in Initial Disclosures and provided all three of their reports, which included the rebuttal Plaintiff's treatment provider, Dr. Hart, did on Dr. Ward's IME report. After the back and forth with Defendants on their pseudo expert disclosure, Plaintiff clarified pursuant to Fed. Rule Civ. Pro. 26(a)(2)(C) that Dr. Hart would be testifying to causation, treatment and prognosis. Plaintiff is not playing games like Defendants, who still have not properly disclosed any medical experts. Therefore, Defendants' medical providers should be excluded entirely as both fact and expert witnesses.

3. **Preclude any reference or argument related to Bremerton Police Department investigations or reports or conclusions.**

Plaintiff seeks to exclude all police investigations because the minimal probative value is outweighed by unfair prejudice, confusion and misleading the jury. ER 403. In addition, Defendants seek to use officers' speculative, conclusory statements about Plaintiff's credibility which is also hearsay. Bremerton Police responded to Plaintiff's *criminal complaints* that she was falsely imprisoned. Plaintiff reported false imprisonment in April, 2018, to Bremerton Police. They interviewed some witnesses but did not, at that time, make any conclusions. A year later, when Plaintiff could finally be interviewed (Dr. Hart had initially directed Plaintiff not to submit to an interview in 2018 due to her tenuous mental health), Bremerton Police did so. The BPD detective concluded in his report that Plaintiff "knew she was not locked in" although Plaintiff made no such admission, nor was there anything other than the detective's speculative opinion to support his conclusion.

The detective's opinion is pure speculation so does not have any probative value under ER 401. It is also a comment on Plaintiff's credibility which should be excluded. Moreover, a detective's opinion will confuse the jury because criminal and civil false imprisonment are

PLAINTIFF'S MOTION IN LIMINE- 6
No. 3:19-cv-05901 RJB

A BOE LAW FIRM
5600 Kitsap Way
Bremerton, WA 98312
360.692-1133

different. To wit, any reference to the fact that Defendants were not charged with a crime is also confusing to a jury and prejudicial to Plaintiff.

Finally, a police investigation into false imprisonment is only minimally relevant to Plaintiff's civil claim of false imprisonment. Not only would it be confusing to a jury to distinguish criminal and civil false imprisonment, but also Plaintiff will not pursue her false imprisonment cause of action. Any reference to Defendants not being charged with a crime is highly prejudicial to Plaintiff and confusing to a jury. Consequently, the police report and police testimony should be excluded pursuant to ER 401 and ER 403.

4. **Preclude any reference or appeal to the self-interest of the jurors as taxpayers or parents of children in public schools.**

The parties agreed to this Motion in Limine.

DATED this 28th day of December, 2020.

        GALLAGHER LAW OFFICE, P.S.

By: /s/ Daniel C. Gallagher, WSBA #21940
  Daniel C. Gallagher, WSBA #21940
  10611 Battle Point Drive NE
  Bainbridge Island, Washington  98110-1493

By: /s/ Deborah A. Boe, WSBA #39365
  Deborah A Boe, WSBA #39365
  5600 Kitsap Way
  Bremerton, WA 98312

*Attorneys for Plaintiff*

PLAINTIFF'S MOTION IN LIMINE- 7
No. 3:19-cv-05901 RJB

A BOE LAW FIRM
5600 Kitsap Way
Bremerton, WA 98312
360.692-1133

PLAINTIFF'S MOTION IN LIMINE- 8
No. 3:19-cv-05901 RJB

A BOE LAW FIRM
5600 Kitsap Way
Bremerton, WA 98312
360.692.1133