The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WENDY A. MAKI,<br><br>    Plaintiff,<br> v.<br><br>BREMERTON SCHOOL DISTRICT, LINDA SULLIVAN-DUDZIC, and her marital community, SUSAN K. STONE, and her marital community,<br><br>    Defendants. | No. 3:19-cv-05901-RJB<br><br>DEFENDANTS' TRIAL BRIEF<br><br>TRIAL: JULY 7, 2021 |

Defendants Bremerton School District and Susan K. Stone respectfully submit this abbreviated trial brief for the Court's consideration.

### I. STATEMENT OF PERTINENT FACTS

Plaintiff Wendy Maki, a special education teacher at Kitsap Lake Elementary School in the Bremerton School District (hereinafter "BSD") since 2016, alleges that BSD retaliated against her after she reported inappropriate touching by a paraeducator. BSD conducted an investigation, and concluded that there were "boundary" concerns with the paraeducator, but <u>no</u> sexual misconduct occurred. The paraeducator was reprimanded, and continues to work in the school district.

DEFENDANTS' TRIAL BRIEF- 1

No. 3:19-cv-05901-RJB

F<small>LOYD</small>, P<small>FLUEGER</small> & R<small>INGER</small> P.S.
200 W<small>EST</small> T<small>HOMAS</small> S<small>TREET</small>, S<small>UITE</small> 500
S<small>EATTLE</small>, WA   98119
T<small>EL</small> 206 441-4455
F<small>AX</small> 206 441-8484

Ms. Maki alleges that because she reported inappropriate touching, BSD retaliated against her on September 26, 2017, by confining her in a classroom for a few hours only on September 26 with her own special education student, G.C., then a seven-year-old, who—it was well known—could become agitated or violent.

She also alleges that BSD was negligent "when they confined Plaintiff alone in her classroom with a known violent student; and when they failed to protect Plaintiff from harm." Dkt. 37 at 18-19. Plaintiff alleges that the "confinement" proximately caused her Post-Traumatic Stress Syndrome. Plaintiff also alleges that BSD was negligent because it "failed to provide Plaintiff training and support necessary to work with violent students; and when they escalated the danger to Plaintiff by inconsistently implementing" certain "policies and procedures." Dkt. 6 at 37:18-22.

The evidence will show that Ms. Maki *requested*, examined, discussed with Defendant Susan Stone, and was *fully aware* that a fire hose would be placed over a door hinge to keep G.C. from eloping. The security camera shows Ms. Maki observing the placement of the fire hose that day. Ms. Maki is on the right side of this photo.

DEFENDANTS' TRIAL BRIEF- 2

No. 3:19-cv-05901-RJB

Floyd, Pflueger & Ringer P.S.
200 West Thomas Street, Suite 500
Seattle, WA  98119
Tel 206 441-4455
Fax 206 441-8484



Ms. Maki's classroom (Room 112) was connected to another classroom (Room 111) by a shared kitchen.  Ms. Maki contends that she did not have her keys with her when she entered Room 112.  Obviously, keys would have allowed her to leave her classroom—anytime—through the shared kitchen that connected to Room 111.

The evidence will show that Ms. Maki was <u>never</u>, in fact, "confined" to the classroom. Despite choosing to leave her keys elsewhere instead of bringing them with her, Ms. Maki had three opportunities to leave Room 112 during the few hours she was with G.C. <u>First</u>, the school nurse entered the classroom to examine G.C.  Ms. Maki remained in the classroom after the nurse left and the fire hose was placed back over the hinge. <u>Second</u>, Ms. Maki could have asked

DEFENDANTS' TRIAL BRIEF- 3

No. 3:19-cv-05901-RJB

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

staff in adjoining Room 111 to let her out. Her own mother was a substitute teacher in the adjoining room.

The evidence will show that she never attempted to get the staff's attention during her "confinement."  In contrast, her coworker, Ellen Strong, did get the attention of staff in the adjoining classroom when she, too, was confined in the classroom with G.C. Third, a coworker, Danielle Palomino, removed the fire hose and opened the door on the day of incident because G.C.'s body got stuck between the door and door frame.

Ms. Maki also had her radio with her while she was with G.C. According to her Amended Complaint, she "radioed for help," which is when Ms. Palomino arrived to remove the fire hose from the door hinge and assist with helping G.C., who was stuck.   Ms. Maki could have left the room with Ms. Palomino.

Ms. Maki left BSD on October 17, 2017, and has not worked since that time due to "psychological and psychiatric care for severe PTSD" proximately caused by being in the room with G.C. on September 26.  Dkt. 6 at 36:13.

While there are many, many detailed allegations in this case, the foregoing is the backbone.  On September 25, 2019, she filed a lawsuit against BSD, Susan Stone (then Principal of Kitsap Lake Elementary), and Linda Sullivan-Dudzic, (then Director of Elementary Education and Special Programs for the Bremerton School District), followed by an amended complaint on October 8, 2019.  Those causes of action are addressed below.

On March 14, 2020, Ms. Maki sought to file a police report for "unlawful imprisonment."  Detective Matthew Thuring interviewed Ms. Maki regarding the September 26, 2017 incident, and she admitted that (1) she voluntarily did not bring her keys with her into the classroom while with G.C.; (2) she did, in fact, have her school handheld radio with her on

DEFENDANTS' TRIAL BRIEF- 4

No. 3:19-cv-05901-RJB

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA   98119
TEL 206 441-4455
FAX 206 441-8484

September 26 while in the classroom with G.C.; (3) she used her radio to call for help when G.C. got stuck in the door; (4) a security video—which Ms. Maki obtained—showed her entering and exiting Room 111 while the fire hose was in place; and (5) a nurse entered the classroom to examine G.C., but Ms. Maki did not leave. Detective Thuring concluded that Ms. Maki "clearly knows she wasn't locked in room 112 against her will and her allegation [of unlawful imprisonment] may qualify as a false report of a crime." Accordingly, all charges were dropped.

Witnesses will testify that Ms. Maki was not "locked" or "confined" in the classroom with G.C., and could have, in fact, left the classroom. In sum, the jury will learn that Ms. Maki clearly knew that she was <u>not</u> locked in Room 112 against her will. Thus, the BSD did not retaliate against her for reporting her concerns about an educator inappropriately touching a student. Finally, the jury will hear that BSD provided Ms. Maki with training and support necessary to work with violent students. However, Ms. Maki ignored BSD's training and policies. Instead, *she engaged in behavior that consistently escalated G.C.'s violent behavior*. After Ms. Maki stopped "teaching" G.C., his behavior significantly improved.

## II.  THE LAW

Ms. Maki filed a lawsuit against BSD, Ms. Stone, and Ms. Sullivan-Dudzic, asserting the following:

(1) <u>False Imprisonment</u> against all Defendants, <u>which she dismissed last week</u>, as confirmed at the June 25, 2021 pre-trial conference (the parties will submit a stipulation and order of dismissal to the Court).

(2) <u>Violations of the Fourth Amendment</u> against all Defendants, <u>which she dismissed last week</u>, as confirmed at the June 25, 2021 pre-trial conference (the parties will

DEFENDANTS' TRIAL BRIEF- 5

No. 3:19-cv-05901-RJB

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

submit a stipulation and order of dismissal to the Court).

(3) <u>All claims against Ms. Sullivan-Dudzic, including a 42 U.S. C. § 1983</u> "depravation of her right to liberty" claim against Ms. Sullivan-Dudzic in her individual capacity, <u>which she dismissed last week</u> (the parties will submit a stipulation and order of dismissal to the Court).

(4) <u>42 U.S. C. § 1983</u> "depravation of her right to liberty" claim against Susan Stone, in her individual capacity, for placing a modified firehose on the door hinge and "confining her with a violent student." (Dkt. 6 at 38:22-25). Plaintiff contends that Susan Stone violated her Fourteenth Amendment due process rights and with deliberate indifference affirmatively placed her in a foreseeable "state-created danger." (Dkt. 139 at 27). BSD stipulated that Ms. Stone was acting under color of state law, and that she was not engaged in any "purely private conduct."

(5) <u>42 U.S. C. § 1983</u> "depravation of her right to liberty" claim against BSD for (1) its "practice or custom" of allowing Susan Stone (as ratified by Linda Sullivan-Dudzic, who had final policymaking authority for BSD) to place a modified firehose on the door hinge and "confining her with a violent student" and "with no way to protect herself" (Dkt. 6 at 39:18-40:8; *see also* Dkt. 139 at 29); and (2) inadequate training for handling violent students that led Susan Stone to deprive her "of her rights."

(6) <u>Negligence</u> against BSD and Susan Stone for "refusing" to provide a one-to-one paraeducator for G.C. in violation of his Individual Education Plan; confining her on September 26 in the classroom with G.C., and "failing to protect Plaintiff from harm"; failing to provide her training and support necessary to work with violent students; and "escalating the danger" to her by "inconsistently implementing" BSD

DEFENDANTS' TRIAL BRIEF- 6

No. 3:19-cv-05901-RJB

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

policies and procedures. (Dkt. 6 at 38:11-15).

(7) <u>Retaliation under RCW 49.60.210(1)</u> (WLAD) against BSD and Susan Stone for confining her in the classroom on September 26, 2017 with G.C., and failing to provide 1-to-1 paraeducator support <u>after</u> she reported concerns about inappropriate conduct between an educator and a student. Ms. Maki contends that the foregoing acts or omissions "deprived her of rights and privileges under the law." (Dkt. 38:11-17)

    a. Plaintiff also contends that a BSD paraeducator, Tammy LaLanne, retaliated against her. Ms. LaLanne was Ms. Maki's colleague—<u>not</u> her supervisor—thus there is no viable cause of action for retaliation against Ms. LaLanne.

Based on the foregoing allegations, Ms. Maki seeks damages for lost past and future earnings and benefits; physical harm; and emotional distress.

The Defendants vigorously deny her claims, and anticipates a defense verdict.

DATED this 28th day of June, 2021.

Respectfully submitted,

**FLOYD PFLUEGER & RINGER, P.S.**

*s/ Francis S. Floyd*
Francis S. Floyd, WSBA No. 10642
Danielle P. Smith, WSBA No. 49165
*Attorneys for Defendants*

DEFENDANTS' TRIAL BRIEF- 7

No. 3:19-cv-05901-RJB

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA   98119
TEL 206 441-4455
FAX 206 441-8484

# DECLARATION OF SERVICE

I declare under penalty of perjury and the laws of the United States of America that on the below date, I delivered a true and correct copy of the foregoing via the method indicated below to the following parties:

| | | |
|---|---|---|
| Deborah A. Boe<br>A Boe Law Firm PS<br>5600 Kitsap Way<br>Bremerton, WA 98312<br>deborah.boelawfirm@gmail.com | *Counsel for Plaintiff* | [ ] Via Messenger<br>[X] Via CM/ECF<br>[ ] Via Facsimile<br>[ ] Via U.S. Mail |
| Danie C. Gallagher<br>Gallagher Law Office PS<br>10611 Battle Point Dr NE<br>Bainbridge Island, WA 98110<br>dan@nwprolaw.com | *Counsel for Plaintiff* | [ ] Via Messenger<br>[X] Via CM/ECF<br>[ ] Via Facsimile<br>[ ] Via U.S. Mail |
| Beth Bloom<br>Jay Corker Free<br>Bloom Law PLLC<br>3827C South Edmunds Street<br>Seattle, WA 98118<br>bbloom@bloomlawpllc.com<br>jfree@bloomlawpplc.com | *Counsel for Plaintiff* | [ ] Via Messenger<br>[X] Via CM/ECF<br>[ ] Via Facsimile<br>[ ] Via U.S. Mail |

DATED this 28th day of June, 2021 at Seattle, Washington.

*s/ Sean C. Moore*
Sean C. Moore, Legal Assistant

DEFENDANTS' TRIAL BRIEF- 8

No. 3:19-cv-05901-RJB

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484