The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WENDY A. MAKI,<br><br>Plaintiff,<br>v.<br><br>BREMERTON SCHOOL DISTRICT, SUSAN K. STONE, and her marital community,<br><br>Defendants. | No. 3:19-cv-05901-RJB<br><br>DEFENDANTS' MOTION FOR A DIRECTED VERDICT ON PLAINTIFF'S RETALIATION CLAIM |

## I. INTRODUCTION AND RELIEF REQUESTED

Defendants respectfully move the Court, pursuant to Fed. R. Civ. P. 50(a), for a directed verdict on Plaintiff's retaliation claim because (1) reporting sexual grooming is not a statutorily protected activity, thus it cannot support a legally viable claim for retaliation; (2) even if it were a protected activity, the evidence demonstrates that no reasonable person—including Ms. Maki in 2017—would have believed that Tammy LaLanne was sexually grooming students; in fact Plaintiff made no reports of sexual grooming; (3) even if it were a protected activity, Plaintiff suffered no adverse employment action; and (4) retaliation by subordinates, such as paraeducators, is not actionable.



FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

## II. STATEMENT OF PERTINENT FACTS

**A. Reporting sexual grooming is not a statutorily protected activity because it is not discrimination.**

As set forth in the legal analysis, as a matter of law, reporting sexual grooming is not a protected activity underlying a claim for retaliation.

**B. Even if reporting "sexual grooming" was a protected activity, Plaintiff presents no evidence that a "reasonable person" would have believed that Ms. LaLanne was sexually grooming students.**

Even if reporting sexual grooming were a protected activity, Plaintiff Maki presented no admissible evidence at trial that would lead a jury to believe that under the facts of this case a "reasonable person" would believe that Tammy LaLanne was "sexually grooming" students. In fact, Ms. Maki made absolutely no reports to school officials of "sexual grooming."

Instead, the evidence reveals that Ms. Maki wrote many documents and talked to many people about Tammy LaLanne behaving "inappropriately" or committing "boundary violations." Ms. Maki reported Ms. LaLanne hugging children, rubbing their hair, and having them sit in her lap, but never identified these behaviors as "sexual." Plaintiff's complaints about Ms. LaLanne were sprinkled in amongst numerous other nonactionable grievances about Ms. LaLanne, such as Ms. LaLane not following instructions or not being "nice" to her.

Similarly, Ms. Maki reported that children in her classroom masturbated and that some children demonstrated sexualized behavior that was common among special education students with significant cognitive delays. However, Plaintiff never tied her students' sexualized behavior to Ms. LaLanne in any of her reports, nor claimed that Ms. LaLanne caused the students' sexualized behavior.

Plaintiff failed to produce a shred of evidence or elicit any testimony that she reported Ms. LaLanne's behavior as "sexual grooming" or any type of "sexual" misconduct. It was only



FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

after Ms. Maki hired attorneys and filed her Amended Complaint in 2019, that she claimed Ms. LaLanne's behavior was sexual grooming. There is no admissible evidence that Plaintiff ever perceived or believed that Ms. LaLanne was engaged in "sexual grooming."

**C. Even if reporting "sexual grooming" was a statutorily protected activity, Plaintiff suffered no adverse employment action.**

On September 19, 2017—one week before the alleged incident on September 26—Ms. Maki advised in an email to Greg Raymond that she wanted out of her teaching contract. Maki was already planning to quit her job, however, Mr. Raymond advised that if she left while her contract was in effect, and the school district could not find a suitable replacement, then she would be reported to Office of Superintendent of Public Instruction and could lose her teaching certificate.

Throughout trial, Ms. Maki has submitted no evidence nor elicited any testimony that her supervisor retaliated against her with a demotion, termination, discipline, or denied her a promotion. In fact, there is evidence that Ms. Maki received an excellent review and a stellar letter of recommendation from Ms. Stone *after* allegedly reporting the boundary violations. Instead, Ms. Maki contends that Ms. Stone, the school principal, was chastised and *Ms. Stone's job* was threatened allegedly because of how she handled Ms. Maki's reports about Tammy LaLanne. Similarly, Garth Steedman testified that Ms. Stone *never got in trouble* about the Tammy LaLanne situation. Mr. Steedman testified that he never threatened her job, and that her leaving the district had nothing to do with it with Ms. LaLanne. Further, Ms. Stone testified that she never shared with Ms. Maki or anyone else that she was chastised or had her job threatened over her handling of the Tammy LaLanne investigation.

Finally, there is no admissible evidence supporting the proposition that Ms. Maki suffered from an adverse employment action, which is one "that materially affects the terms,



FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

conditions or privileges of employment." Wash. Pattern Instruction, Civil, 330.01.02. Her amended complaint identifies the school district's alleged adverse employment action as not supporting GC with a 1:1 paraeducator and/or that she was locked in a room with GC. These are not "adverse" employment actions as contemplated by the law.

Further the disparity in time between Ms. Maki's report that Ms. LaLanne was behaving "inappropriately" or committing "boundary violations" and the school district's subsequent investigation occurred in February 2017. She contends that the alleged adverse employment action occurred seven months later, in September 2017.

In sum, the evidence shows that Principal Stone gave Ms. Maki an excellent evaluation and a glowing letter of recommendation for another job (because Ms. Maki wanted a shorter commute to her employment) after the investigation into Ms. LaLanne concluded.

**D. Retaliation by subordinates, such as a paraeducator, is not actionable**

Plaintiff Maki has loosely presented evidence that Tammy LaLanne, a paraeducator and Ms. Maki's subordinate, retaliated against her, however, as set forth in the legal analysis, alleged retaliation by a subordinate is not actionable. Further, her allegation of "retaliation" is simply that Ms. LaLanne, a subordinate paraeducator, said "hurtful" things to her; didn't listen to or follow her direction; and filed grievances against her. Significantly, Plaintiff has presented no documentary evidence supporting the foregoing "grievances."

Plaintiff also contends that the president of the paraeducator union was asking paraeducators if they were getting their email breaks, among other questions. Garth Steedman testified that this was common behavior for Ed Angelbeck, the union president, which had been going on for years. Mr. Steedman testified that it had nothing to do with Plaintiff. Nevertheless, Mr. Angelbeck was a *subordinate paraeducator* with the district and president of



FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

the union. There is no admissible evidence that Mr. Angelbeck was Ms. Maki's supervisor, and accordingly his actions also do not constitute retaliation under the law.

## III. EVIDENCE RELIED UPON

Defendants rely on the trial testimony, admitted trial exhibits, and the pleadings and files herein.

## IV. LEGAL ARGUMENT

### A. Standard of review

Fed. R. Civ. P. 50(a) provides that an issue may be resolved against a party when the "party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party of that issue." Fed. R. Civ. P. 50(a)(1). While the moving party is not required to state the grounds supporting the motion for directed verdict with "technical precision," the moving party must "specify the judgment sought and the law and facts that entitle the movant to the judgment." *United States v. Fenix & Scission, Inc.*, 360 F.2d 260, 262 (10th Cir. 1966); Fed R. Civ. P. 50(a)(2).

The standard for a motion for directed verdict under Rule 50(a) mirrors the standard for summary judgment under Rule 56; therefore, "the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). The evidence presented must be enough upon which a reasonable jury could find in favor of the party producing the evidence and bearing the burden of proof. *See id.* at 250-252. The primary inquiry of the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.



FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

**B. Reporting "sexual grooming" is not a statutorily protected activity**

The Court should dismiss Plaintiff's retaliation claim as a matter of law because reporting "boundary violations," as Ms. Maki did, or "sexual grooming" are not statutorily protected activities. Plaintiff contends that the school district retaliated against her "in violation of the Washington Law Against Discrimination, RCW 49.60.210(1)." Dkt. 6, Dkt. 147, pg. 2, § 7.2. RCW 49.60.210(1) states as follows:

> **(1)** It is an unfair practice for any employer, employment agency, labor union, or other person to discharge, expel, or otherwise discriminate against any person because he or she has opposed any practices forbidden by this chapter, or because he or she has filed a charge, testified, or assisted in any proceeding under this chapter.

"To establish a prima facie case of retaliation under RCW 49.60.210(1), a plaintiff must show that (1) he or she engaged in statutorily protected activity, (2) he or she suffered an adverse employment action, and (3) there was a causal link between his or her activity and the other person's adverse action." *Currier v. Northland Servs., Inc*., 182 Wn. App. 733, 742, 332 P.3d 1006 (2014). The *Currier* Court states that the "first element describes opposition to 'any practices forbidden by' chapter 49.60 RCW." *Id*.; *see also Cornwall v. Microsoft Corp*., 192 Wn.2d 403, 430 P.3d 229 (2018) (same).

Because "statutorily protected activities" is a broad category under WLAD, Washington Pattern Instruction 330.05 provides certain clarity. It states that "[i]t is unlawful for an employer to retaliate against a person for [opposing what the person reasonably believed to be discrimination on the basis of [age] [creed] [disability] [religion] [sexual orientation] [honorable discharged veteran status] [military status] [ marital status] [national origin] [race] [gender] [and] [or] [providing information to or participating in a proceeding to determine whether discrimination or retaliation occurred]."



FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

None of the foregoing statutorily protected activities in the law against discrimination include reporting "boundary violations" or "sexual grooming." In *Colville v. Cobarc Servs., Inc*., 73 Wn. App. 433, 439-440, 869 P.2d 1103 (1994), the Court stated that to "determine whether an employee was engaged in protected opposition activity, the court must balance the setting in which the activity arose and the interests and motives of the employer and employee." (citing *Delahunty v. Cahoon*, 66 Wn. App. 829, 840, 832 P.2d 1378 (1992); *Selberg v. United Pac. Ins. Co.*, 45 Wn. App. 469, 472, 726 P.2d 468, *review denied*, 107 Wn.2d 1017 (1986)).

The *Colville* Court affirmed the trial court's order directing a verdict in the defendant employer's favor and dismissing the employee's retaliation claim because the employee was not engaged in a *protected* opposition activity. *Colville*, 73 Wn. App. at 440. The female employee reported that her project manager was masturbating in a basement room. She "suffered severe stress after the incident," and refused to return to work. *Id*. at 437.

The Court of Appeals stated that "even viewed in a light most favorable to Mrs. Colville, the evidence in this case was not sufficient to sustain a jury verdict that she was engaged in *protected* opposition activity. Admittedly, there is evidence that Mrs. Coville refused to return to work because she opposed Cobarc's handling of the basement room incident. However, the statute requires, additionally, that the opposition *must* be directed toward "practices forbidden by this chapter . . .". RCW 49.60.210(1). Only opposition directed toward such practices is protected." *Id*. at 440.

The *Colville* Court concluded that "there is no competent evidence or reasonable inference" that the project manager's "activity in the basement room was a practice forbidden by the Law Against Discrimination, RCW 49.60. Hence, Mrs. Colville's opposition to his



FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

conduct was not protected opposition activity." *Id.*; *see also Reiber v. City of Pulllman*, 613 Fed. Appx. 588, 2015 U.S. App. LEXIS 8770 (9th Cir. 2015) (affirming the district court's order granting defendant's motion for a directed verdict under Fed. R. Civ. P. 50(a) because there was no evidence that the firefighter engaged in any protected activity under RCW 40.60.210, nor was there evidence that retaliation was a substantial factor in the firefighter's subsequent dismissal).

As in *Colville*, there is no competent evidence or reasonable inference that sexual grooming was a practice forbidden by the Washington Law Against Discrimination. Ms. Maki's opposition to this conduct, for which there is no supporting evidence, was not protected opposition activity. The Court should enter a directed verdict and dismiss her retaliation claim.

The Defendants anticipate that Plaintiff will rely on *W.H. v. Olympia Sch. Dist*., 195 Wn.2d 779, 465 P.3d 322 (2020) and *Floeting v. Grp. Health Coop*., 192 Wn.2d 848, 434 P.3d 39 (2019) for the proposition that Ms. Maki was engaged in a statutorily protected activity. She heavily relies on these two cases in her trial brief, Dkt. 146 at 9-11, and disputed jury instructions, Dkt. 139 at 10-12. Ms. Maki wrongly conflates public accommodation and RCW 49.60.215 cases *with* her retaliation/RCW 49.6.0.210(1) claim.

These two cases are readily distinguishable because they involve public accommodation as interpreted under RCW 49.60.215 (which is not the statute at issue in this case, RCW 49.60.210(1)). Neither case involves or discusses retaliation. Instead, the Supreme Court in *W.H.*, held that "school districts are subject to strict liability for discrimination by their employees in violation of WLAD in places of public accommodation under RCW 49.60.215." *W.H.*, 195 Wn.2d at 787. There is no discussion of retaliation or RCW 49.60.210(1).

Likewise, in *Floeting*, the plaintiff alleged that a Group Health employee sexually



FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

harassed him. *Floeting*, 192 Wn.2d at 853. "Sexual harassment is a form of sex discrimination, which we analyze like other forms of discrimination in places of accommodation." *Id*. The Court concluded that "[u]nder the plain language of WLAD, employers are liable for their employers' discriminatory conduct toward a customer in a place of public accommodation." *Id.* at 861.

Because reporting "boundary violations" or "sexual grooming" are not statutorily protected activities (and Plaintiff has repeatedly disavowed a mandatory reporter or whistleblower claim, which involve different statutes and different legal tests), her retaliation claim should be dismissed as a matter of law.

**C. There is no admissible evidence to support a "reasonable belief" that Ms. LaLanne was engaged in sexual grooming.**

Ms. Maki bears the burden of proving that she was opposing what she reasonably believed to be "sexual grooming." However, no evidence supports the notion that "sexual grooming" was, in fact, even what Plaintiff *believed* occurred. Instead, Ms. Maki wrote many documents and talked to many people about Tammy LaLanne behaving "inappropriately" or committing "boundary violations," but *never* mentioned sexual grooming.

Ms. Maki reported Ms. LaLanne hugging children, rubbing their hair, and having them sit in her lap, but *never* identified these behaviors as "sexual." Plaintiff's complaints about Ms. LaLanne were sprinkled in amongst numerous other grievances about Ms. LaLanne, such as not following instructions or not being "nice" to her.

Similarly, Ms. Maki reported that children in her classroom masturbated and that some children demonstrated sexualized behavior that was common among special education students with significant cognitive delays. However, *Plaintiff never tied her students' sexualized behavior to Ms. LaLanne in any of her reports, nor claimed that Ms. LaLanne caused the*



FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

*students' sexualized behavior.*

Plaintiff failed to produce a shred of evidence or elicit any testimony that she reported Ms. LaLanne's behavior as "sexual grooming" or any type of "sexual" misconduct.[1] The school district investigated the assertion of inappropriate behavior, and reprimanded Ms. LaLanne. However, it never found that sexual misconduct occurred; Ms. LaLanne still works with the school district.

In an act of historical revisionism in 2019, Plaintiff's newly hired attorneys recharacterized and reconstructed the events of 2017 and inserted the factually unsupported phraseology "sexual grooming." However, the evidence is plainly contrary to revisionism, and is speculative at best. *See Coleman v. Ernst Home Ctr*., 70 Wn. App. 213, 220, 853 P.2d 473 (1993) (affirming defendant's motion for a directed verdict "where circumstantial evidence leads only to speculation, a verdict cannot be based on inferences drawn from the evidence"). Based on the foregoing, the Court should dismiss Plaintiff's retaliation claim because it is unsupported by any evidence from which a jury could conclude that Plaintiff had a "reasonable belief" that Ms. LaLanne was participating in "sexual grooming."

**D. As a matter of law, Plaintiff suffered no "adverse employment action."**

Plaintiff is unable to prove an "adverse employment action" such that the school district disciplined, demoted, denied a promotion or terminated her. None of these nonevents was a "substantial factor" that resulted from her opposing what she "reasonably believed" was discrimination or retaliation.

An "adverse employment action" is "one that materially affects the terms, conditions or

[1] Notably, Plaintiff testified on July 14, 2021, that she has a wealth of experience reporting alleged sexual grooming and sexual abuse. For each of the many instances she mentioned, she indicated that her response was to call the police and call CPS. Ms. Maki did neither in the instant case until after she hired attorneys.



FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

privileges of employment." Washington Pattern Instruction 330.01.02. The Comment to WPI 330.01.02 states that an "adverse action has long been understood to include a firing or demotion, and a failure to hire or promote." *Id*. (citing *Davis v. Dep't of Lab. & Indus*., 94 Wn.2d 119, 615 P.2d 1279 (1980)).

In the case at bar, Plaintiff's job responsibilities were not altered. The evidence demonstrates that Principal Stone gave Ms. Maki an excellent evaluation and a glowing letter of recommendation for another job (because Ms. Maki wanted a shorter commute to her employment) after the investigation into Ms. LaLanne concluded.

**E. There is no cause of action for a subordinate's retaliation against Plaintiff.**

"RCW 49.60.210(1), prohibits all forms of discrimination by employers in their capacity as employers." *Zhu v. N. Cent. Educ. Serv. Dist.-ESD 171*, 189 Wn.2d 607, 619, 404 P.3d 504 (2017) (stating that under RCW 49.60.210(1) "it is an unfair practice for an employer to 'to discharge, expel, or otherwise discriminate'") (emphasis removed). In addition to employers, the *Zhu* Court noted that RCW 49.60.210(1) "explicitly applies to employment agencies, whose very purpose is to 'recruit, procure, refer, or place employees' who are not already in an established employment relationship." *Id*. (quoting RCW 46.60.040(12)).

In *Zhu*, the Supreme Court stated that Washington applies the "functionally similar" test "to determine whether the defendant had sufficient control over the plaintiff's employment to be held personally liable for discriminatory actions." The *Zhu* Court relied on *Malo v. Alaska Trawl Fisheries, Inc.*, 92 Wn. App. 927, 930, 965 P.2d 1124 (1998) for the proposition that a "coworker without supervisory authority is not personally liable for retaliation."

In *Malo*, the plaintiff asserted a retaliatory discharge claim under WLAD against a co-employee. *Id*. at 929-30. The trial court dismissed the claim because the co-worker was not



FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

Malo's employer, and thus was not subject to liability under RCW 49.60.210(1). The appellate court applied statutory construction and agreed. RCW 49.60.210(1) states as follows:

> It is an unfair practice for any employer, employment agency, labor union, or *other person* to discharge, expel, or otherwise discriminate against any person because he or she has opposed any practices forbidden by this chapter, or because he or she has filed a charge, testified, or assisted in any proceeding under this chapter.

RCW 49.60.210(1) (emphasis in *Malo*). The *Malo* Court held that the general term "other person" is restricted by the words "employer," "employment agency," and "labor union. *Id*. at 930. Because the co-worker did not "employ, manage, or supervise" Plaintiff, RCW 49.60.210 "does not create personal or individual liability for co-workers." *Id*. at 930-31.

In the case at bar, there is no admissible evidence that any subordinate paraeducator employed, managed, or supervised Ms. Maki. Nor is there any evidence that the school district delegated power or influence over employment decisions to the subordinates to potentially create an agency relationship. Based on the foregoing, the Court should dismiss any alleged claims of retaliation premised on the paraeducator's acts or omissions.

## V. CONCLUSION

Defendants respectfully request that the Court enter a directed verdict on Plaintiff's retaliation claim because (1) reporting "boundary violations" or "sexual grooming" is not a statutorily protected activity, thus it cannot result in a legally viable claim for retaliation; (2) even if it were protected, no reasonable person would believe that Tammy LaLanne was sexually grooming students; in fact, Plaintiff made no reports of sexual grooming; (3) even if it were protected, Plaintiff suffered no adverse employment action; and (4) retaliation by subordinates, such as paraeducators, is not actionable.



FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

DATED this 15th day of July, 2021.

Respectfully submitted,

**FLOYD PFLUEGER & RINGER, P.S.**

*s/Francis S. Floyd*
Francis S. Floyd, WSBA No. 10642
Danielle P. Smith, WSBA No. 49165
*Attorneys for Defendants*



FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

DECLARATION OF SERVICE

I declare under penalty of perjury and the laws of the United States of America that on the below date, I delivered a true and correct copy of the foregoing via the method indicated below to the following parties:

| | | |
|---|---|---|
| Deborah A. Boe<br>A Boe Law Firm PS<br>5600 Kitsap Way<br>Bremerton, WA 98312<br>deborah.boelawfirm@gmail.com | *Counsel for Plaintiff* | [ ] Via Messenger<br>[X] Via CM/ECF<br>[ ] Via Facsimile<br>[ ] Via U.S. Mail |
| Danie C. Gallagher<br>Gallagher Law Office PS<br>10611 Battle Point Dr NE<br>Bainbridge Island, WA 98110<br>dan@nwprolaw.com | *Counsel for Plaintiff* | [ ] Via Messenger<br>[X] Via CM/ECF<br>[ ] Via Facsimile<br>[ ] Via U.S. Mail |
| Beth Bloom<br>Jay Corker Free<br>Bloom Law PLLC<br>3827C South Edmunds Street<br>Seattle, WA 98118<br>bbloom@bloomlawpllc.com<br>jfree@bloomlawpplc.com | *Counsel for Plaintiff* | [ ] Via Messenger<br>[X] Via CM/ECF<br>[ ] Via Facsimile<br>[ ] Via U.S. Mail |

DATED this 15th day of July, 2021 at Seattle, Washington.

*s/ Sean C. Moore*
Sean C. Moore, Legal Assistant



FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484