UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WENDY A. MAKI,<br><br>                Plaintiff,<br>   v.<br><br>BREMERTON SCHOOL DISTRICT, LINDA SULLIVAN-DUDZIC, and her marital community, SUSAN K. STONE, and her marital community, | CASE NO. 3:19-cv-05901-RJB<br><br>ORDER ON PLAINTIFF'S PETITION FOR ATTORNEYS' FEES |

This matter comes before the Court on the Plaintiff's Petition for Attorneys' Fees. Dkt. 189. The Court has considered the pleadings filed regarding the motion and the remaining record. The Court is fully advised.

After an 11-day trial, the jury returned a verdict in this case finding that the Plaintiff did not prove her constitutional claims against Defendants, but had proven her negligence claim. Dkt. 182. The Court dismissed the Plaintiff's claim for retaliation. Dkt. 179. The jury found that the Plaintiff was contributorily negligent for 30% of her damages. *Id.* It awarded her $150,000 "lost past earnings" before considering contributory negligence; accordingly, the Plaintiff recovered $105,000 for "lost past earnings." *Id.* At trial, the Plaintiff testified regarding lost wages as follows:

ORDER - 1

1    Q.: How much money have you lost in wages since October 13, 2017?

2    A.: My estimate, by looking at the salary schedule and the benefit schedule, is that it

3  would be right around $300,000.

4    Q.: And that's based on how much a year?

5    A.: Approximately $90,000 a year.

6    The Plaintiff now moves for an award of attorneys' fees in the amount of $750,498.30 in

7  attorneys' fees. Dkts. 189 and 197. The Plaintiff asserts that she is entitled to fees pursuant to

8  RCW 49.48.030. *Id.* The Defendants oppose the motion (Dkt. 196) and the motion is ripe for

9  decision.

## DISCUSSION

11    RCW 49.48.030 provides,

12    In any action in which any person is successful in recovering judgment for wages or salary owed to him or her, reasonable attorney's fees, in an amount to be
13    determined by the court, shall be assessed against said employer or former employer: PROVIDED, HOWEVER, That this section shall not apply if the
14    amount of recovery is less than or equal to the amount admitted by the employer to be owing for said wages or salary.

15

16  The statute "authorizes an award of attorney fees for employees who must sue in order to collect

17  wages owed from their employers." *Int'l Union of Police Ass'n, Local 748 v. Kitsap Cty.*, 183

18  Wash. App. 794, 798 (2014).

19    The Plaintiff's Petition for Attorneys' Fees (Dkt. 189) should be denied. The Plaintiff

20  has failed to show that she is entitled to an award of attorneys' fees. Based on Plaintiff's

21  testimony, it is unclear what the jury included in its award for "lost past earnings" (Verdict Form

22  Dkt. 182). Was it wages? Salary? Benefits? Earnings? It is unclear from Plaintiff's estimate in

23  her testimony as to what amounts were included for what items, and it is more unclear as to what

24

ORDER - 2

the jury included in its finding of "lost past earnings." Instruction #20 (Dkt. 186) indicated that the jury should consider "the reasonable value of lost past earnings." Whether the jury's award was limited to "wages and salary" under the statutes is unknown, and they were instructed to consider the "reasonable value of lost past earnings," and no actual, specific amount lost was the subject of evidence.

Moreover, the Plaintiff fails to point to any authority supporting an award of attorneys' fees on a negligence claim award which includes wages and salary. Awards under RCW 49.48.030 were found appropriate, for example, in cases where plaintiffs have prevailed on claims for unpaid wages, *Miller v. Paul M. Wolff Co.,* 178 Wash. App. 957 (2014), breach of employment contracts, *Flower v. T.R.A. Industries,* 127 Wash. App. 13 (2005), wrongful termination, *Hayes v. Trulock,* 51 Wash. App. 795 (1988), and promissory estoppel, *Corey v. pierce County,* 154 Wash. App. 752 (2010). There are no Washington courts that have awarded attorneys' fees pursuant to RCW 49.48.030 for claims of negligence against an employer. While the statute is a remedial one, and should be liberally construed, *Dautel v. Heritage Home Center, Inc.,* 89 Wash. App. 148 (1997), the Plaintiff asks this Court to expand application of RCW 49.48.030 beyond the scope of prior Washington courts' decisions. This the Court will not do. No victims of negligent acts by an employer, who recover for lost past wages or earnings in Washington courts, have, to this Court's knowledge, been allowed an award of attorneys' fees. The Plaintiff's Petition for Attorneys' Fees (Dkt. 189) should be denied.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of August, 2021.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER - 4