UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WENDY A. MAKI,<br><br>               Plaintiff,<br><br>  v.<br><br>BREMERTON SCHOOL DISTRICT, LINDA SULLIVAN-DUDZIC, and her marital community, SUSAN K. STONE, and her marital community, | CASE NO. 3:19-cv-05901-RJB<br><br>ORDER ON PLAINTIFF'S MOTION TO CERTIFY ISSUES TO THE WASHINGTON STATE SUPREME COURT |

This matter comes before the Court on the Plaintiff's Motion to Certify Issues to the Washington State Supreme Court. Dkt. 201. The Court has considered the pleadings filed regarding the motion and the remaining record. The Court is fully advised.

After an 11-day trial, the jury returned a verdict in this case finding that the Plaintiff did not prove her constitutional claims against Defendants, but had proven her negligence claim. Dkt. 182. The jury found that the Plaintiff was contributorily negligent for 30% of her damages. *Id.* It awarded her $150,000 "lost past earnings" before considering contributory negligence; accordingly, the Plaintiff recovered $105,000 for "lost past earnings." *Id.* She recovered an additional $630,000 for "physical and emotional harm" before considering contributory negligence, and so recovered $441,000 for "physical and emotional harm." *Id.* The Court dismissed the Plaintiff's claim for retaliation, brought pursuant to the Washington Law Against

ORDER - 1

Discrimination, when it granted the Defendants' Fed. R. Civ. P. 50(a) motion for directed verdict on that claim.  Dkt. 179.

The Plaintiff now moves for an order certifying the following issues to the Washington State Supreme Court:

> 1. Under the Washington Law Against Discrimination, is it unlawful for a school district to retaliate against its employee for opposing what the employee reasonably believed could be sexual grooming of the school district's students?
>
> 2. Under the Washington Law Against Discrimination, is it unlawful for a school district to retaliate against its employee for opposing what the employee reasonably believed could be sexual misconduct directed at the school district's students?
>
> 3. Under the Washington Law Against Discrimination, is it unlawful for a school district to retaliate against its employee for opposing what the employee reasonably believed could be sexually inappropriate touching of the school district's students?

Dkts. 201 and 216.  The Defendants oppose the motion (Dkt. 212) and the motion is ripe for decision.

## **DISCUSSION**

Washington's Federal Court Local Law Certificate Procedures Act, Wash. Rev. Code §§ 2.60.010–900, authorizes the Washington State Supreme Court to accept certified questions from federal courts.  Under § 2.60.020,

> When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for the answer to the question of local law involved and the supreme court shall render its opinion in answer thereto.

Further, under Washington's Rules of Appellate Procedure 16.16,

> The Supreme Court may entertain a petition to determine a question of law certified to it under the Federal Court Local Law Certificate Procedures Act if the question of state law is one which has not been clearly determined and does not involve a question determined by reference to the United States Constitution.

ORDER - 2

Plaintiff's motion to certify the above questions to the Washington State Supreme Court (Dkt. 201) should be denied. Plaintiff failed to show that such a certification should be made in this case. She has not shown that is necessary to ascertain the answer to these questions in order to "dispose of [this proceeding]." The Plaintiff has failed to demonstrate that relevant local law has not been "clearly determined." The Court's dismissal of her retaliation claim, and the underlying grounds for dismissal of this claim (insufficiency of the evidence), remain valid. Moreover, "[t]here is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision. A party should not be allowed a 'second chance at victory' through certification by the appeals court after an adverse district court ruling." *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir.2008). "The Washington State Supreme Court does not operate as a court of appeals for decisions of this Court." *See Hann v. Metro. Cas. Ins. Co.*, 2012 WL 3098711, at *3 (W.D. Wash. July 30, 2012). The Plaintiff's motion (Dkt. 201) should be denied.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 7th day of September, 2021.

ROBERT J. BRYAN
United States District Judge

ORDER - 3