UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WENDY A. MAKI,<br><br>                     Plaintiff,<br>    v.<br><br>BREMERTON SCHOOL DISTRICT,<br>LINDA SULLIVAN-DUDZIC, and her<br>marital community, SUSAN K. STONE,<br>and her marital community, | CASE NO. 3:19-cv-05901-RJB<br><br>ORDER ON PLAINTIFF'S<br>MOTION FOR A NEW TRIAL<br>AND MOTION TO AMEND THE<br>JUDGMENT |

      This matter comes before the Court on the Plaintiff's Motion for a New Trial (Dkt. 199) and Motion to Amend the Judgment Regarding Contributory Negligence (Dkt. 197). The Court has considered the pleadings filed regarding the motions and the remaining record. The Court is fully advised.

      After an 11-day trial, the jury returned a verdict in this case finding that the Plaintiff did not prove her constitutional claims against Defendants, but had proven her negligence claim. Dkt. 182. The jury found that the Plaintiff was contributorily negligent for 30% of her damages. *Id*. It awarded her $150,000 "lost past earnings" before considering contributory negligence; accordingly, the Plaintiff recovered $105,000 for "lost past earnings." *Id*. She recovered an additional $630,000 for "physical and emotional harm" before considering contributory negligence, and so recovered $441,000 for "physical and emotional harm." *Id*. The Court

ORDER - 1

dismissed the Plaintiff's claim for retaliation, brought pursuant to the Washington Law Against Discrimination, when it granted the Defendants' Fed. R. Civ. P. 50(a) motion for directed verdict on that claim. Dkt. 179.

The Plaintiff moves for a new trial on all claims, arguing that the Court "improperly dismissed her retaliation claim under Fed. R. Civ. P. 50(a)" and that it committed error when it permitted the Defendants to read a non-testifying witness' statement to the jury. Dkt. 199. The Plaintiff requests that the motion for a new trial not be considered until the Court rules on her motion to certify questions related to her retaliation claim to the Washington Supreme Court. *Id.* That motion was denied on September 7, 2021. Dkt. 223. The Defendants have opposed the motion for a new trial (Dkt. 214) and the Plaintiff has filed a reply (Dkt. 222-1).

The Plaintiff also moves to amend the judgment to eliminate the 30% reduction to the Plaintiff's verdict based on contributory negligence. Dkt. 197. She argues that the Defendants failed to include the defense in their proposed jury instructions before the trial or in the pretrial order or in the Amended Pretrial Order and so asserts the defense is waived. *Id.* The Defendants oppose the motion (Dkt. 213), she has replied (Dkt. 220) and the motion is ripe for decision.

### DISCUSSION

**Motion for a New Trial**. Pursuant to Fed. R. Civ. P. 59(a)(1), [t]he court may, on motion, grant a new trial on all or some of the issues – and to any party – as follows . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court."

The Plaintiffs' Motion for a New Trial (Dkt. 199) should be denied. Her motion to certify her retaliation claim related questions to the Washington State Supreme Court was denied. She has failed to demonstrate that this claim was improperly dismissed. Further, she fails to show that permitting the Defendants to read Dani Palomino's statement without a

limiting instruction warrants a new trial.  Each of the grounds the Plaintiff identifies for a new trial are functionally motions for reconsideration of the Court's prior rulings.  The Court is satisfied with those rulings and these additional submissions fail to make the required showing under Rule 59 or the standard under Local Rule W.D. Wash 7(h)(2), which provides that the Court will ordinarily deny motions for reconsideration in the "absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence."  The Plaintiffs' Motion for a New Trial (Dkt. 199) should be denied.

**Motion to Amend the Judgment**. Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment."

> A motion to amend judgment may only be granted where: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence, 3) the motion is necessary to prevent manifest injustice, or 4) there is an intervening change in controlling law.

*Hiken v. Dep't of Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016).

Plaintiff's Motion to Amend the Judgment Regarding Contributory Negligence (Dkt. 197) should be denied.  The Plaintiff fails to point to sufficient grounds to alter those rulings or to amend the judgment.  She merely repeats her prior arguments.  The Court's prior rulings on the issue of contributory negligence is in the record.  The Plaintiff does not show that the judgment should be corrected to address "manifest errors of law or fact," newly discovered evidence, to "prevent manifest injustice" or an "intervening change in controlling law."  *Hiken,* at 1042.  Her motion (Dkt. 197) should be denied.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 7th day of September, 2021.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge

ORDER - 4